MEISELMAN, PACKMAN,
NEALON, SCIALABBA & BAKER P.C.

Attorneys at Law

1311 MAMARONECK AVENUE, WHITE PLAINS, NY 10605
TEL: (914)517-5000  |  FAX: (914)517-5055

February 28, 2014

**VIA ECF AND EMAIL**

Honorable Judge Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

     Re:    ***Reginald Bowman, et al. v. Wells Fargo Bank, N.A. and***
             ***U.S. Bank National Association C.A. No. 7:14-cv-0648***

Dear Judge Seibel:

We represent Plaintiff Reginald Bowman and write in response to Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and U.S Bank N.A.'s ("U.S. Bank") request for leave to file a motion to dismiss. Because Defendants' motion to dismiss would be an exercise in futility, their request should be denied. This is a simple case: Plaintiff seeks to redress Defendants' unlawful and systematic failure to timely present to the county clerks of New York State proof that mortgages have been satisfied. N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 unambiguously require that mortgagees like Defendants present to the proper county clerk a satisfaction of mortgage when a mortgagor has paid the entire principle and interest due on a mortgage, and the statutes provide escalating penalties for non-compliance. The first opinion issued with regard to the series of recent class actions brought under § 1921 and § 275 decisively rejected the arguments Defendants now proffer. *See Zink v. First Niagara Bank*, N.A., No. 13-cv-01076(A)(M) (W.D.N.Y.) (Jan. 27, 2014 Report and Recommendation of Magistrate Judge Jeremiah J. McCarthy) (attached hereto).

**Plaintiff Alleges A Violation Of RPAPL § 1921 And RPL § 275**

Defendants were mortgagees of Plaintiff's real property at the time that Plaintiff satisfied his mortgage. Defendants failed to timely present Plaintiff's mortgage satisfaction, as required by N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275, as evidenced by the fact that it was not filed with the Westchester County Clerk until one hundred thirty six (136) days after Mr. Bowman satisfied the mortgage. As such, Defendants are liable to Mr. Bowman and all mortgagors in New York for whom they failed to timely present a satisfaction of mortgage.[1] The fact that the satisfaction was signed by Wells Fargo within the thirty day period is irrelevant to the issue of when it was "presented" to the clerk. As county clerk offices record satisfactions of mortgages expeditiously upon presentment, the more and indeed most plausible chain of events

---

[1] Defendants claim that Plaintiff fail to identify the date on which payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law was made. Not true. Complaint ¶14 and Exhibit 2.

is that Defendant failed to "present" the executed satisfaction within the statutorily required time frame. *See Zink* at 17 ("From these allegations, it would be reasonable to infer that it was not presented within 90 days.").

### Plaintiff's Claims Are Not Preempted By The NBA

Plaintiff's claims are plainly not preempted for four independent reasons. <u>First</u>, Defendants cannot rely on 12 C.F.R. § 34.4(a)(10), the OCC regulation that preempts state laws regarding servicing and processing, because they did not *make* Mr. Bowman's loan. OCC promulgated 12 C.F.R. § 34.3(a), which authorizes national banks to "make, arrange, purchase, or sell loans" subject to certain restrictions. But § 34.4(a) only provides that "[a] national bank may *make* real estate loans under 12 U.S.C. 371 and § 34.3, without regard to [certain] state law limitations." Judge McCarthy correctly concluded under hornbook law regarding interpretation of regulations that "[t]his difference in language cannot be ignored." *Zink* at 5 (citing *DaCosta v. Prudential Ins. Co. of Am.*, No. 10-720, 2010 WL 4722393, at *5 (E.D.N.Y. Nov. 12, 2010) (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 n. 9 (2004). Wells Fargo has lost this argument before. *See Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1049 (N.D. Cal. 2013) (rejecting banks' preemption defense, because, *inter alia*, "[i]t is difficult to see how there can be preemption pursuant to § 34.4. Section 34.4(a) expressly provides that a national bank has powers with respect to 'mak[ing] real estate loans' without regard to state law limitations. *Id.* § 34.4(a). But here, Wells Fargo did not extend a real estate loan to Plaintiffs; rather, it was simply the servicer of Plaintiffs' loan."). U.S. Bank is likewise unable to seek refuge under § 34.4(a)(10). *See Ross v. Deutsche Bank Nat. Trust Co.*, 933 F. Supp. 2d 225, 233 (D. Mass. 2013) ("Because the Deutsche Bank trustee neither originated the loan, funded the loan at inception, nor purchased the loans as part of any real estate lending program comprehended by the regulation, the Massachusetts right-to-cure law is not preempted under the NBA.").

<u>Second</u>, mortgage satisfaction laws do not fall within the rubric of servicing and processing because the requirements only arise after the loan is complete. *See* Zink at 8-10; *see also Santana v. CitiMortgage, Inc.*, No. 054010607, 2006 WL 1530083 (Conn. Super. Ct. May 22, 2006) ("Executing a release does not occur during the lifetime of a loan, therefore it does not constitute servicing of the loan under 12 C.F.R. § (b)(10), because there is no longer a loan to service."); *Pinchot v. Charter One Bank, F.S.B.*, 99 Ohio St. 3d 390, 398 (2003) ("The recording of a mortgage satisfaction . . . is not an integral part of the lending process, as it occurs after the debt is satisfied and the extension of credit is extinguished. Such a recording requirement cannot even begin until the mortgage has already been terminated . . . a recording requirement cannot be realistically connected to lending practices or to the operations of savings associations because it has no concrete significance to whether and how loans are made.").

<u>Third</u>, the 12 C.F.R. § 34.4(b)(6) savings clause protects state mortgage satisfaction laws from preemption because they concern the acquisition and transfer of real property. *See Zink* at 10-11; *see also Pinchot*, 99 Ohio St. 3d at 401 (finding a satisfaction recording requirement not preempted because it "is intended to promote efficiency and certainty in clearing and transferring title in residential real property transactions . . . It is . . . a real property statute not only in name, but in purpose and effect, and has only an incidental effect on Charter One's lending practices."); *Santana*, 2006 WL 1530083, at *5 (Connecticut's mortgage recording statute "'was enacted and

2

continues not only to protect property owners, but it has a more general purpose of enhancing the marketability of titles and facilitating economic intercourse in deeded transactions' . . . § 49-8 does not concern lending, and is more concerned with the marketability of land titles.").

Fourth, even if mortgage satisfaction statutes fall within the rubric of servicing and processing but not acquisition and transfer, they are not preempted because Defendants cannot show that a simple recording requirement significantly interferes with their lending activities. As the Court held in Zink, "[Defendant] does not explain why subjecting [defendant] to a penalty upon its failure to do so within 30 days of payment would 'prevent or significantly interfere with the . . . exercise of its powers', as in Barnett Bank." Zink at 11; Cannon, 917 F. Supp. 2d at 1049-50 (finding no preemption because "even if § 7.4002 were applicable (or for that matter § 34.4), there would be preemption only if the state law prevents or significantly restricts the national bank's powers.").

## U.S. Bank Is A Proper Defendant

Defendants' argument that U.S. Bank was not the holder of the mortgage and is therefore not a "mortgagee" is meritless. Pursuant to the Trust Agreement under which U.S. Bank serves as Trustee of the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-8, each of "the Mortgage Loans will be assigned by the Depositor to the Trustee."[2] Moreover, as Trustee, even if U.S. Bank was not the holder, it is plainly the holder's "personal representatives, agents, successors, or assigns" based on the Trust Agreement. U.S. Bank therefore qualifies as a mortgagee. See N.Y. Real Prop. Acts. Law § 1921 (defining a "mortgagee" as "(i) the current holder of the mortgage of record or the current holder of the mortgage, or (ii) any person to whom payments are required to be made or (iii) their personal representatives, agents, successors, or assigns.").

## RPL § 275 Is Applicable To Wells Fargo

Defendants contend that under § 275, a mortgagee is only the holder of the mortgage, and because U.S. Bank as Trustee was the holder at the time the mortgage was satisfied, Wells Fargo cannot be held liable. This is a curious argument, given that Defendants also claim that U.S. Bank as Trustee is not the holder of the mortgage. Nevertheless, given that the two statutes address the exact same issue, it stands to reason that the definition of "mortgagee" in § 1921 is applicable to § 275. In fact, § 1921 specifically states that "[d]elivery of a satisfaction of mortgage in accordance with the terms of section two hundred seventy-five of the real property law shall be deemed to satisfy the requirements of this section regarding the satisfaction of mortgage." Therefore the definition of "mortgagee" in § 1921 is plainly applicable to § 275.

Respectfully submitted,
/s/Todd Garber

---

[2] See Trust Agreement at S-75 at
http://www.sec.gov/Archives/edgar/data/808851/000112528205005092/b408972_424b5.txt