UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

REGINALD BOWMAN, on behalf of himself
and all others similarly situated,

                          Plaintiff,

    v.

WELLS FARGO BANK, N.A. and U.S.
BANK NATIONAL ASSOCIATION, as
Trustee under the Trust Agreement for the
Structured Asset Investment Loan Trust,
Mortgage Pass Through Certificates, Series
2005-8,

                          Defendants.

No. 7:14-cv-0648-CS

**FIRST AMENDED COMPLAINT**

      Plaintiff Reginald Bowman, by his attorneys, Meiselman, Packman, Nealon, Scialabba &

Baker P.C., as and for his First Amended Class Action Complaint, alleges, with personal

knowledge as to his own actions, and upon information and belief as to those of others, as

follows:

## Nature Of This Case

    1.    This action seeks to redress Defendants Wells Fargo Bank, N.A.'s ("Wells

Fargo") and U.S. Bank National Association, as Trustee under the Trust Agreement for the

Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2005-8

("U.S. Bank as Trustee")'s unlawful and systematic failure to timely present to the county clerks

of New York State proof that mortgages have been satisfied.

    2.    N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275

unambiguously require that mortgagees like Defendants present to the proper county clerk a

satisfaction of mortgage when a mortgagor has paid the entire principle and interest due on a

mortgage. The statute provides that a mortgagee who fails to do so within 30 days is liable to the mortgagor for $500; a mortgagee who fails to do so for more than 60 days is liable to the mortgagor for $1000; and a mortgagee who presents a mortgage satisfaction more than 90 days late is liable to the mortgagor for $1500.

**Jurisdiction And Venue**

3.     Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 Class members, and the amount in controversy is in excess of $5 million.

4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants do business in New York, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

**Parties**

5.     Plaintiff Reginald Bowman resides in New Paltz, New York.

6.     Defendant Wells Fargo Bank, N.A. is a full-service interstate bank that operates throughout the United States, including in New York State. The bank, headquartered in Sioux Falls, South Dakota, is a subsidiary of Wells Fargo & Company, a multinational banking and financial holding company that has the largest market capitalization of any bank in the U.S. Wells Fargo & Company is incorporated in Delaware and is also headquartered in San Francisco, California. Wells Fargo mortgage division is based in Minneapolis, Minnesota and services over $1.75 trillion in U.S. mortgages, making it the largest retail mortgage lender in the U.S.

7.     As attorney-in-fact for U.S. Bank as Trustee, see Exhibit 1, Wells Fargo was a mortgagee with respect to Plaintiff's mortgage.

2

8.     Defendant U.S. Bank National Association as Trustee is the trustee of the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-8. Pursuant to the trust agreement, the mortgages that comprise the trust were assigned to U.S. Bank National Association as Trustee.

9.     U.S. Bank National Association is a full-service interstate bank that operates throughout the United States. The bank, headquartered in Cincinnati, Ohio, and incorporated in Minneapolis, Minnesota, is a subsidiary of U.S. Bancorp, an American diversified financial services holding company headquartered in Minneapolis, Minnesota. U.S. Bank National Association is the fifth largest bank in the United States.

10.    As the holder of the Plaintiff's mortgage when it was satisfied and as the Trustee for the trust in which Plaintiff's mortgage was a part, see Exhibit 1, U.S. Bank as Trustee is a mortgagee with respect to Plaintiff's mortgage.

### Operative Facts

11.    As an unfortunate consequence of lax regulation and the consolidation of the banking industry, banks have been able to increase their profits by handling high volumes of mortgages while failing to invest the necessary resources to comply with applicable laws or provide conscientious service to their customers. As a result, Defendants frequently fail to comply with their obligation to timely file mortgage satisfactions. Indeed, Defendants often file mortgage satisfactions months, if not years, after they are due, and sometimes not at all.

12.    This is no mere procedural peccadillo. Title companies continue to work with buyers and lenders to provide clear title reports in spite of these "open" mortgages created by mortgagees who fail to timely present mortgage satisfactions. However, there is a real possibility that a large loss by a title company as a result of the widespread failure of banks to

timely present mortgage satisfactions may disrupt the entire system for transferring residential property in New York State. The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

13.     To avoid these very problems, the New York Legislature amended N.Y. Real Prop. Acts. Law § 1921 and N.Y. Real Prop. Law § 275 in 2005 to impose a progressively higher liability upon mortgagees in favor of mortgagors where the mortgage satisfaction is not timely presented for recording. The Legislature set such liabilities at $500 after 30 days, $1,000 after 60 days, and $1,500 after 90 days.

14.     Mr. Bowman obtained a mortgage from BNC Mortgage, Incorporated, a subsidiary of Lehman Brothers, for his property located at 21 Croton Street, Ossining, New York ("Property"), which was subsequently transferred. At the time Mr. Bowman's mortgage was discharged and satisfied as agreed by the mortgagee and the mortgagor, U.S. Bank as Trustee and Wells Fargo were the mortgagees with respect to Plaintiff's mortgage. See Exhibit 1.

15.     On or about July 31, 2012, Mr. Bowman sold the Property to joint tenants Maria Zhina and Zoila Zhina. See Exhibit 2. As agreed by the mortgagor and the mortgagee, the mortgage was discharged and satisfied with the proceeds of that sale.

16.     The Satisfaction of Mortgage was not recorded until December 14, 2012, 136 days after Mr. Bowman actually satisfied the mortgage. See Exhibit 1.

17.     Mr. Bowman is not alone. In fact, based on a review of Westchester county records, Defendants routinely fail to timely file mortgage satisfaction – this failure appears to have occurred many thousands of times.

18.     The Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment.

4

**Class Action Allegations**

19.     Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23

of the Federal Rules of Civil Procedure, on behalf of a Class of:

> All persons who were the mortgagor party to a mortgage for which Defendants
> were the mortgagee[s] that was secured by real property located in New York
> State for which the principle, interest and all other amounts due or otherwise
> owed was completely paid after January 31, 2008 but Defendants failed to present
> a certificate of discharge or satisfaction of mortgage within 30 days to the
> recording officer of the county where the mortgage was recorded. Excluded from
> the Class are Defendants; any parent, subsidiary, or affiliate of Defendants; any
> entity in which Defendants have or had a controlling interest, or which
> Defendants otherwise control or controlled; and any officer, director, employee,
> legal representative, predecessor, successor, or assignee of Defendants.

20.     This action is brought as a class action for the following reasons:

a.     The Class consists of thousands, if not tens of thousands, of persons and is

therefore so numerous that joinder of all members, whether otherwise required or

permitted, is impracticable;

b.     There are questions of law or fact common to the Class which

predominate over any questions affecting only individual members, including:

i.     whether Defendants failed to timely present certificates of

discharge or satisfactions of mortgage;

ii.     whether Defendants violated N.Y. Real Prop. Acts. Law § 1921;

and

iii.     whether Defendants violated N.Y. Real Prop. Law § 275;

c.     The claims asserted by Plaintiff are typical of the claims of the members

of the Class;

d.     Plaintiff will fairly and adequately protect the interests of the Class, and

Plaintiff has retained attorneys experienced in class and complex litigation;

e.     Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendants;

f.     Defendants have acted on grounds that apply generally to the Class, namely failing to ensure that satisfactions of mortgages are timely presented; and

g.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

i.     Absent a class action, Class members as a practical matter will be unable to obtain redress and Defendants' violations of their legal obligations will continue without remedy;

ii.     It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii.     When the liability of Defendants has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.     A class action will permit an orderly and expeditious administration of Class claims and foster economies of time, effort, and expense;

v.     The lawsuit presents no difficulties that would impede its management by the Court as a class action, particularly as Defendants can identify all Class members using its computerized records; and

vi.     Defendants have acted on grounds generally applicable to Class members, making class-wide monetary relief appropriate.

## FIRST CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Acts. Law § 1921)

21.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-20 above

as if fully set forth herein.

22.     N.Y. Real Prop. Acts. Law § 1921 provides that:

After payment of authorized principal, interest and any other amounts due
thereunder or otherwise owed by law has actually been made . . . a mortgagee of
real property situate in this state, unless otherwise requested in writing by the
mortgagor or the assignee of such mortgage, must execute and acknowledge
before a proper officer, in like manner as to entitle a conveyance to be recorded, a
satisfaction of mortgage, and thereupon within thirty days arrange to have the
satisfaction of mortgage: (a) presented for recording to the recording officer of the
county where the mortgage is recorded, or (b) if so requested by the mortgagor or
the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by
a mortgagee to present a certificate of discharge for recording shall result in the
mortgagee being liable to the mortgagor in the amount of five hundred dollars if
he or she fails to present such certificate within thirty days, shall result in the
mortgagee being liable to the mortgagor in the amount of one thousand dollars if
he or she fails to present a certificate of discharge for recording within sixty days
or shall result in the mortgagee being liable to the mortgagor in the amount of one
thousand five hundred dollars if he or she fails to present a certificate of discharge
for recording within ninety days.

23.     Defendants systematically fail to timely present certificates of discharge, as

required by N.Y. Real Prop. Acts. Law § 1921.

24.     By reason of the foregoing, Defendants have violated N.Y. Real Prop. Acts. Law

§ 1921.   Defendants are liable to Plaintiff and the other members of the Class for the statutory

damages that are due.

## SECOND CAUSE OF ACTION
### (Violation of N.Y. Real Prop. Law § 275)

25.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1-24 above

as if fully set forth herein.

26.     N.Y. Real Prop. Law § 275 provides that:

Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

27.     Defendants systematically fail to timely present certificates of discharge, as required by N.Y. Real Prop. Law § 275.

28.     By reason of the foregoing, Defendants have violated N.Y. Real Prop. Law § 275. Defendants are liable to Plaintiff and the other members of the Class for the statutory damages that are due.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants as follows:

1.     Certifying this action as a class action, with a Class as defined above;

2.     On Plaintiff's First Cause of Action, awarding against Defendants statutory damages that Plaintiff and the other members of the Class are due as a result of Defendants' actions;

3.     On Plaintiff's Second Cause of Action, awarding against Defendants statutory damages that Plaintiff and the other members of the Class are due as a result of Defendants' actions; and

4.      Awarding Plaintiff and the Class attorneys' fees, costs, and such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:      April 1, 2014
            White Plains, New York


                            **MEISELMAN, PACKMAN, NEALON
                            SCIALABBA & BAKER P.C.**


                    By:     /s/ D. Greg Blankinship
                            D. Greg Blankinship
                            Jeremiah Frei-Pearson
                            Todd S. Garber
                            Shin Y. Hahn
                            1311 Mamaroneck Avenue
                            White Plains, New York 10605
                            (914) 517-5000

# EXHIBIT 1

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.



*523413135STM001R*

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | America's Servicing Company | Phone: | 909-658-0105 |
| Address 1: | 1003 Brier Drive | Fax: | 909-658-0199 |
| Address 2: | | Email: | tonya.f.marshall@wellsfargo.com |
| City/State/Zip: | San Bernardino CA 92408 | Reference for Submitter: | 1100141297a |

### Document Details

| | | |
|---|---|---|
| Control Number: **523413135** | Document Type: **Satisfaction of Mortgage (STM)** | |
| Package ID: 2012120600065001003 | Document Page Count: **1** | Total Page Count: **2** |

### Parties

☐ Additional Parties on Continuation page

| 1st PARTY | | 2nd PARTY | |
|---|---|---|---|
| 1: BOWMAN REGINALD | - Individual | 1: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | - Other |
| 2: | | 2: BNC MORTGAGE INC  by Nominee | - Other |

### Property

☐ Additional Properties on Continuation page

| | |
|---|---|
| Street Address: | Tax Designation: |
| City/Town: | Village: |

### Cross- References

☐ Additional Cross-Refs on Continuation page

| | | | |
|---|---|---|---|
| 1: 482360875 | 2: | 3: | 4: |

### Supporting Documents

| Recording Fees | | Mortgage Taxes | |
|---|---|---|---|
| Statutory Recording Fee: | $40.00 | Document Date: | |
| Page Fee: | $10.00 | Mortgage Amount: | |
| Cross-Reference Fee: | $1.00 | | |
| Mortgage Affidavit Filing Fee: | $0.00 | Basic: | $0.00 |
| RP-5217 Filing Fee: | $0.00 | Westchester: | $0.00 |
| TP-584 Filing Fee: | $0.00 | Additional: | $0.00 |
| | | MTA: | $0.00 |
| Total Recording Fees Paid: | **$51.00** | Special: | $0.00 |
| **Transfer Taxes** | | Yonkers: | $0.00 |
| Consideration: | $0.00 | Total Mortgage Tax: | **$0.00** |
| Transfer Tax: | $0.00 | | |
| Mansion Tax: | $0.00 | Dwelling Type: | Exempt: ☐ |
| Transfer Tax Number: | | Serial #: | |

| | |
|---|---|
| RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK | **Record and Return To** |
| Recorded: 12/14/2012 at 03:24 PM | ☐ Pick-up at County Clerk's office |
| Control Number: **523413135** | |
| Witness my hand and official seal | |
| Timothy C. Idoni Westchester County Clerk | **AMERICA'S SERVICING COMPANY** **1003 E BRIER DR** **MAC X0501-022** **SAN BERNARDINO , CA 92408** **Attn: LIEN RELEASE DEPT** |

Recording Requested By:
AMERICA'S SERVICING COMPANY

When Recorded Return To:

LIEN RELEASE DEPT.
AMERICA'S SERVICING COMPANY
MAC X9400-L1C
11200 W PARKLAND AVE
MILWAUKEE, WI 53224

## SATISFACTION OF MORTGAGE

America's Servicing Company #:1100141297 "BOWMAN" Lender ID:707001/117058511  Westchester, New York
MERS #: 100122200001829180  SIS #: 1-888-679-6377

KNOW ALL MEN BY THESE PRESENTS that Wells Fargo Bank, N.A., as Attorney In Fact for U.S. Bank
National Association, as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust,
Mortgage Pass-Through Certificates, Series 2005-8, whose address is 1003 E. BRIER DR., SAN BERNARDINO, CA
92408, holder of a certain mortgage evidencing an indebtedness in the amount of $380,000.00 plus interest, whose
parties, dates and recording information are below,  does hereby acknowledge that it has received full payment and
satisfaction of the same, and in consideration thereof, does hereby satisfy and discharge said mortgage.

Mortgagor:  REGINALD BOWMAN, A SINGLE MAN
Mortgagee:  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC MORTGAGE,
INC., A DELAWARE CORPORATION
Dated:  07/08/2005 Recorded:  09/18/2006  in Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 462360875
This mortgage has not been assigned unless stated below.

-Assigned Wholly by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR BNC
MORTGAGE, INCORPORATED, ITS SUCCESSORS AND ASSIGNS TO US BANK NATIONAL ASSOCIATION, AS
TRUSTEE UNDER THE TRUST AGREEMENT FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-8 Dated:  01/09/2012 Recorded:  01/17/2012  in
Book/Reel/Liber: N/A Page/Folio: N/A as Instrument No.: 520113675

Property Address: 21 CROTON ST, OSSINING, NY  10562

County:  Westchester

State of  New York

IN WITNESS WHEREOF, Wells Fargo Bank, N.A., as Attorney In Fact for U.S. Bank National Association,
as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass-Through
Certificates, Series 2005-8, by the officer duly authorized, has duly executed the foregoing instrument.

Wells Fargo Bank, N.A., as Attorney In Fact for U.S. Bank National Association, as Trustee under the Trust
Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-8
On August 20th, 2012

By:
Linda Krause, Vice President Loan
Documentation

STATE OF Wisconsin
COUNTY OF Milwaukee

On the 20th day of August in the year 2012 before me, the undersigned, personally appeared Linda Krause, Vice
President Loan Documentation, personally known to me or proved to me on the basis of satisfactory evidence to be
the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument,
the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such
individuals(s) made such appearance before the undersigned in the County of Milwaukee, State of Wisconsin.

WITNESS my hand and official seal,

LYNN BURT
Notary Expires: 04/10/2016
Milwaukee, Wisconsin

Lynn Burt
NOTARY PUBLIC
STATE OF WISCONSIN

(This area for notarial seal)

"TC#"TC4WFMF*08/20/2012 01:17:45 PM* WFMFC3WFMM000000000000002027986* NYWESTC5* 1100141297 NYSTATE_MORT_REL *SEBWFMC*

# EXHIBIT 2

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.



*522063208DED002S*

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | Benchmark Title | Phone: | 914-250-2400 |
| Address 1: | Lisa Pejril | Fax: | 914-250-2402 |
| Address 2: | 222 Bloomingdale Road | Email: | lpejril@benchmarkta.com |
| City/State/Zip: | White Plains NY 10605 | Reference for Submitter: | bta69448 |

### Document Details

| | | |
|---|---|---|
| Control Number: **522063208** | Document Type: **Deed (DED)** | |
| Package ID: 2012072400101001001 | Document Page Count: **3** | Total Page Count: **4** |

### Parties

☐ Additional Parties on Continuation page

| 1st PARTY | | 2nd PARTY | |
|---|---|---|---|
| 1: BOWMAN REGINALD | - Individual | 1: ZHINA MARIA | - Individual |
| 2: | | 2: ZHINA ZOILA | - Individual |

### Property

☐ Additional Properties on Continuation page

| | |
|---|---|
| Street Address: 21 CROTON STREET | Tax Designation: 97.7-3-26 |
| City/Town: OSSINING TOWN | Village: OSSINING |

### Cross-References

☐ Additional Cross-Refs on Continuation page

| 1: | 2: | 3: | 4: |
|---|---|---|---|

### Supporting Documents

1: RP-5217     2: TP-584

| Recording Fees | | Mortgage Taxes | |
|---|---|---|---|
| Statutory Recording Fee: | $40.00 | Document Date: | |
| Page Fee: | $20.00 | Mortgage Amount: | |
| Cross-Reference Fee: | $0.00 | | |
| Mortgage Affidavit Filing Fee: | $0.00 | Basic: | $0.00 |
| RP-5217 Filing Fee: | $125.00 | Westchester: | $0.00 |
| TP-584 Filing Fee: | $5.00 | Additional: | $0.00 |
| | | MTA: | $0.00 |
| Total Recording Fees Paid: | **$190.00** | Special: | $0.00 |
| **Transfer Taxes** | | Yonkers: | $0.00 |
| Consideration: | $300,000.00 | Total Mortgage Tax: | **$0.00** |
| Transfer Tax: | $1,200.00 | | |
| Mansion Tax: | $0.00 | Dwelling Type: | Exempt: ☐ |
| Transfer Tax Number: | 489 | Serial #: | |

| | Record and Return To |
|---|---|
| RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK | ☐ Pick-up at County Clerk's office |
| Recorded: 08/13/2012 at 04:01 PM | |
| Control Number: **522063208** | |
| Witness my hand and official seal | |
| | benchmark title |
| | 222 bloomingdale road |
| Timothy C.Idoni | |
| Westchester County Clerk | white plains, NY 10605 |

TT
124000

BTAC9448

— Bargain and Sale Deed, with Covenants against Grantor's Acts — Individual or Corporation (Single Sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

THIS INDENTURE, made the 31st day of July, in the year 2012

BETWEEN Reginald Bowman, 28 Kayleigh Drive, New Paltz, NY 12561

*Joint Tenants with right of survivorship*

party of the first part, and Maria Zhina & Zoila Zhina, 14 Cherry Hill Circle, Ossining, NY 10562

party of the second part,

WITNESSETH, that the party of the first part, in consideration of

Ten ($10.00) dollars

paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the See the Attached Schedule "A" Legal Description

Being the same premises conveyed to the parties of the first part herein by deed recorded on 4/1/2005 im control No 4501400300.

The property is also known as 21 Croton Street, Ossining, NY 10562

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

*Reginald S. Bowman*

Reginald Bowman.

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of Westchester, ss:

On the 31ˢᵗ day of July in the year 2012, before me, the undersigned,
personally appeared Reginald Bowman

, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that by
his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the
instrument.

ROBERT W. SHAW
Notary Public, State of New York
No. 02SH4865691
Qualified in Westchester County
Commission Expires Feb. 28, 2014

ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN
IN NEW YORK STATE

State of New York, County of        , ss:

On the        day of        in the year        , before me, the
undersigned, a Notary Public in and for said State, personally appeared
, the subscribing witness to the foregoing instrument, with whom
I am personally acquainted, who, being by me duly sworn, did depose
and say that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof);
that he/she/they know(s)

to be the individual described in and who executed the foregoing
instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed
his/her/their name(s) as a witness thereto

ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of        , ss:

On the        day of        in the year        , before me, the
undersigned, personally appeared

, personally known to me or proved to me on the basis of
satisfactory evidence to be the individual(s) whose name(s) is (are)
subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their capacity(ies), and that by
his/her/their signature(s) on the instrument, the individual(s), or the
person upon behalf of which the individual(s) acted, executed the
instrument.

ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK
STATE

*State of        , County of        *, ss:
*(Or insert District of Columbia, Territory, Possession or Foreign
County)

On the        day of        in the year        , before me        the
undersigned  personally appeared

Personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in  his/her/their capacity(ies),  that by his/her/their signature(s) on
the instrument, the individual(s) or the person upon behalf of which the
individual(s) acted, executed the instrument, and that such individual
make such appearance before the undersigned in the

(add the city or political subdivision and the state or country or other
place the acknowledgement was taken).

## Bargain and Sale Deed
## With Covenants

Title No. BTZ 69448

BOWMAN
TO
ZHINA

SECTION: 97.7

BLOCK: 3

LOT: 26

COUNTY OR TOWN: WESTCHESTER  Town of Ossining

RETURN BY MAIL TO:

DISTRIBUTED BY

YOUR TITLE EXPERTS
The Judicial Title Insurance Agency LLC
800-281-TITLE (8485)  FAX: 800-FAX-9396

BENCHMARK TITLE AGENCY, LLC
222 Bloomingdale Road
Suite 102
White Plains, NY 10605

***Fidelity National Title Insurance Company***

### SCHEDULE A
### DESCRIPTION OF PREMISES

**Title No.**     BTA69448
**Policy No.**    2730732-86579883

ALL that certain plot, piece or parcel of land, situate, lying and being in the Town and Village of Ossining, County of Westchester and State of New York, bounded and described as follows:

**BEGINNING** at a point where a line drawn in prolongation of the easterly line of Croton Street meets the northerly line of land of S. Louise Brandreth, being the southwesterly corner of the parcel herein described and:

**RUNNING THENCE** along said line on prolongation of the easterly side of Croton Street North 17 degrees 47 minutes 20 seconds East 60.00 feet;

**THENCE** South 76 degrees 47 minutes 40 seconds East 100.00 feet;

**THENCE** South 17 degrees 47 minutes 20 seconds West 60.00 feet to the land of S. Louise Brandeth;

**THENCE** along said land North 76 degrees 47 minutes 40 seconds West 100.00 feet to the point or place of BEGINNING.

**TOGETHER** with the right of ingress and egress on foot or by vehicle over a strip of land now or formerly of Geatano Fassulo and Concetta Fassulo lying westerly of said premises in which would be the bed of Croton Street if extended southerly from said lot herein described to said Croton Street as set forth in the Deed recorded in Liber 2498 page 431.

**SCHEDULE A**
**A.L.T.A 2006 LOAN POLICY**