UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

REGINALD BOWMAN, on behalf of himself   :
and all others similarly situated,   :
  :
  :
                Plaintiff,   :
  :   Case No.: 14-cv-0648 (CS)
        v.   :
  :
WELLS FARGO BANK, N.A. and U.S. BANK   :
NATIONAL ASSOCIATION, as Trustee under   :
the Trust Agreement for the Structured Asset   :
Investment Loan Trust, Mortgage Pass Through   :
Certificates, Series 2005-8,   :
  :
            Defendants.   :

-------------------------------------------------------------------- x


## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS


HOGAN LOVELLS US LLP
   Allison J. Schoenthal
   Robin L. Muir
875 Third Avenue
New York, New York 10022
Tel:  (212) 918-3000
Fax:  (212) 918-3100
allison.schoenthal@hoganlovells.com
robin.muir@hoganlovells.com

*Counsel for Defendants Wells Fargo
Bank, N.A. and U.S. Bank National
Association, as Trustee under the Trust
Agreement for the Structured Asset
Investment Loan Trust, Mortgage Pass
Through Certificates, Series 2005-8*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND ................................................................................................... 3

    I.    FACTUAL BACKGROUND.............................**Error! Bookmark not defined.**

    II.    PROCEDURAL HISTORY .................................................................. 4

ARGUMENT......................................................................................................... 4

    I.    THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR
        LACK OF SUBJECT-MATTER JURISDICTION............................................. 4

    II.    PLAINTIFF'S CLAIMS ARE PREEMPTED BY FEDERAL
        LAW...................................................................................................... 9

        A.    Preemption Analysis Under the NBA ...................................... 9

        B.    RPAPL § 1921 and RPL § 275 Significantly Impair
            Defendants' Exercise of their Mortgage Lending Powers.......................11

    III.    THE AMENDED COMPLAINT FAILS TO PLEAD A VALID
        CLAIM FOR RELIEF UNDER RPAPL § 1921 OR RPL § 275 ........................14

        A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss .............................14

        B.    Plaintiff Fails to Sufficiently Plead a Violation of RPAPL §
            1921 or RPL § 275 ...............................................................................15

        C.    Plaintiff's RPL § 275 Claim Further Fails as Against Wells
            Fargo .....................................................................................................17

CONCLUSION......................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Abel v. Keybank USA, N.A.*,
    313 F. Supp. 2d 720 (N.D. Ohio 2004) ................................................................. 11, 12, 13

*Amidax Trading Group v. S.W.I.F.T. SCRL*,
    671 F.3d 140 (2d Cir. 2011) ........................................................................................3

*APWU v. Potter*,
    343 F.3d 619 (2d Cir. 2003) ........................................................................................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................................................*passim*

*Bank of Am. v. City and Cnty. of San Francisco*,
    309 F.3d 551 (9th Cir. 2002) .......................................................................................9

*Barnett Bank of Marion Cnty., N.A. v. Nelson*,
    517 U.S. 25 (1996) ....................................................................................................10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................14, 15

*Brass v. Am. Film Technologies, Inc.*,
    987 F.2d 142 (2d Cir. 1993) ........................................................................................4

*Cassese v. Wash. Mut., Inc.*,
    255 F.R.D. 89 (E.D.N.Y. 2008) ................................................................................12

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care*,
    433 F.3d 181 (2d Cir. 2005) ........................................................................................5

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002) ........................................................................................4

*Clearing House Ass'n LLC v. Cuomo*,
    510 F.3d 105 (2d Cir. 2007) ......................................................................................11

*Conley v. Gibson*,
    355 U.S. 41 (1957) ....................................................................................................14

*Dahlgren v. JP Morgan Chase & Co.*,
    No. 12cv2367-GPC(BGS), 2013 WL 3190727 (S.D. Ca. June 20, 2013) ..............7

*Dickerson v. Feldman*,
    426 F. Supp. 2d 130 (S.D.N.Y. 2006) ........................................................................5

*F.C.C. v. AT&T Inc.*,
    131 S.Ct. 1177 (2011) ............................................................................................17

*Hempstead Realty, LLC v. Sturrup*,
    No. 205/2010, 2011 WL 2972308 (Sup. Ct. Nassau Cnty. Jul. 19, 2011) ..............................8

*Household Fin. Realty Corp. v. Delmerico*,
    202 A.D.2d 636, 609 N.Y.S.2d 310 (2d Dep't 1994) ..........................................................6

*Jeffrey Towers, Inc. v. Strauss*,
    31 A.D.2d 319, 297 N.Y.S.2d 450 (2d Dep't 1969) ............................................................8

*KOSC Dev., Inc. v. Weinstock*,
    No. 38911/06, 14 Misc. 3d 1232(A), 2007 WL 509803 (Sup. Ct. Kings Cnty. Feb. 20,
    2007)........................................................................................................................8

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ...............................................................................................5

*Majewsi v. Broadalbin-Perth Cent. Sch. Dist.*,
    91 N.Y.2d 577, 673 N.Y.S.2d 966 (1998)....................................................................11

*Marine Midland Bank v. Rome Polymer, Inc.*,
    244 A.D.2d 967, 665 N.Y.S.2d 160 (4th Dep't 1997) ......................................................6

*McAnaney v. Astoria Fin. Corp.*,
    665 F. Supp. 2d 132 (E.D.N.Y. 2009)........................................................................12

*Mikal Realty Co. v. Carreras*,
    268 A.D.2d 435, 702 N.Y.S.2d 311 (2d Dep't 2000) ......................................................6

*Monroe Retail, Inc. v. RBS Citizens, N.A.*,
    589 F.3d 274 (6th Cir. 2009) ................................................................................13

*Morrison v. Nat'l Austl. Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010)....................................................3

*NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*,
    513 U.S. 251 (1995) ...........................................................................................10

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) .............................................................................................5

*Pac. Capital Bank, N.A. v. Conn.*,
    542 F.3d 341 (2d Cir. 2008) .......................................................................11, 13, 14

*Raines v. Byrd*,
    521 U.S. 811 (1997) .............................................................................................4

*Riley v. Cnty. of Broome*,
    95 N.Y.2d 455, 719 N.Y.S.2d 623 (2000) ........................................................................ 11

*SPGGC, LLC v. Blumenthal*,
    505 F.3d 183 (2d Cir. 2007) ......................................................................................... 11

*U.S. v. Locke*,
    529 U.S. 89 (2000) ......................................................................................................... 9

*W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008) ........................................................................................... 5

*Wachovia Bank, N.A. v. Burke*,
    414 F.3d 305 (2d Cir. 2005) ......................................................................................... 11

*Watters v. Wachovia Bank, N.A.*,
    550 U.S. 1 (2007) ......................................................................................................... 10

*Woods v. Empire Health Choice, Inc.*,
    574 F.3d 92 (2d Cir. 2009) ............................................................................................. 5

*Zoccolillo v. Weinberg*,
    151 Misc. 653, 273 N.Y.S. 592 (Sup. Ct. Onondaga Cnty. 1934) .................................... 7

STATUTES

12 U.S.C. § 24 ................................................................................................................. 10

12 U.S.C. § 38 ................................................................................................................... 2

12 U.S.C. § 93a ............................................................................................................... 10

12 U.S.C. § 371 ............................................................................................................... 10

RPAPL § 1921 ......................................................................................................... *passim*

RPL § 275 ................................................................................................................ *passim*

REGULATIONS

12 C.F.R. § 7.4002 .......................................................................................................... 10

12 C.F.R. § 34.4 ........................................................................................................ 10, 12

OTHER AUTHORITIES

Budget Report on Bills, Sentate Bill 48B, Bill Jacket, L. 2005, ch. 467 ...................... 9, 11, 12

DeFrancisco Mem., Senate Bill 48B, Bill Jacket, L. 2005, ch. 467 .................................... 9, 14

Dep't of Taxation and Finance Mem., Senate Bill 48B, Bill Jacket, L. 2005, ch. 467................16

OCC Adv. Ltr. AL 2002-9, 2002 WL 31854825 (Nov. 25, 2002)........................................9, 10

OCC Inter. Ltr. 1005, 2004 WL 3465750 (June 10, 2004) ....................................................10

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and U.S. Bank National Association, as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2005-8 ("U.S. Bank as Trustee") (Wells Fargo and U.S. Bank as Trustee, together, referred to as "Defendants") submit this memorandum in support of their motion, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims asserted against them by plaintiff Reginald Bowman ("Bowman" or "Plaintiff") in his "First Amended Complaint," filed on April 1, 2014 (the "Amended Complaint" or "Am. Compl.").[1]

## PRELIMINARY STATEMENT

In this putative class action, Plaintiff alleges that he and other members of the purported class are each entitled to an award of statutory damages (ranging from $500.00 to $1,500.00) from Defendants for alleged violations of Section 1921 of the New York Real Property Actions and Proceedings Law ("RPAPL") and Section 275 of the New York Real Property Law ("RPL"). Those statutes both require a mortgagee to present a satisfaction of mortgage for recording within thirty days after the underlying mortgage loan is paid off. Plaintiff alleges that Defendants failed to timely present a satisfaction of mortgage for recording, entitling him to statutory damages. Plaintiff's claims fail for several reasons and should be dismissed.

First, Plaintiff lacks Article III standing to seek relief under RPAPL § 1921 or RPL § 275. Relief under both RPAPL § 1921 and RPL § 275 is predicated upon payment in full of all amounts due under the subject loan. Nowhere in the Amended Complaint does Plaintiff allege that he actually paid all principal, interest, and other amounts owed on his loan in full. To the

---

[1] A copy of the Amended Complaint is annexed as **Exhibit A** to the Declaration of Robin L. Muir in Support of Defendants' Motion to Dismiss, dated May 1, 2014 ("Muir Decl."), submitted herewith.

contrary, documentary evidence undeniably shows that payment in full was not, in fact, made. Accordingly, as a result of Plaintiff's lack of standing, this Court lacks subject matter jurisdiction to consider the merits of the Amended Complaint.  The analysis should end there.

Even if this Court determines that it has subject matter jurisdiction here, Plaintiff's claims should be dismissed because they are preempted by federal law.  The National Bank Act, 12 U.S.C. § 38, *et seq*. ("NBA") and regulations of the Office of the Comptroller of Currency ("OCC") specifically authorize national banks, such as Wells Fargo and U.S. Bank, to make real estate loans without regard to certain state law limitations, including those concerning the participation and investment in and servicing of mortgage loans.  Because the New York state statutes under which Plaintiff sues impose arbitrary requirements for discharging mortgages and burden Defendants' exercise of their mortgage lending powers, Plaintiff's claims are preempted by the NBA and regulations of the OCC.

Even if Plaintiff had standing or his claims were not preempted by the NBA, the Amended Complaint should still be dismissed because it fails to plead a valid claim for relief. Both RPAPL § 1921 and RPL § 275 require a mortgagee to *present* a satisfaction of mortgage for recording within thirty days after the mortgage loan is paid off in full.  Here, Plaintiff only alleges that the Westchester County Clerk's Office *recorded* the satisfaction 136 days after he allegedly "satisfied the mortgage."  The date that the satisfaction of mortgage was actually recorded, however, is not relevant for purposes of establishing a violation of RPAPL § 1921 or RPL § 275.  Plaintiff's RPL § 275 claim further fails as against Wells Fargo because Wells Fargo was not a "mortgagee" subject to the requirements of RPL § 275 at the time the mortgage was allegedly satisfied.

For these reasons and those that follow, this Court should grant Defendants' motion to dismiss in its entirety and dismiss Plaintiff's claims with prejudice.

## BACKGROUND

I.   **FACTUAL BACKGROUND**

On or about July 8, 2005, Plaintiff obtained a mortgage loan from BNC Mortgage, Inc., secured by a mortgage on real property located at 21 Croton Street, Ossining, New York, 10562 (Am. Compl. ¶ 14.)  The mortgage was later assigned to U.S. Bank as Trustee by and pursuant to the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2005-8 (the "Trust"), as memorialized in a written assignment of mortgage that was publicly recorded with the Westchester County Clerk on January 17, 2012.   (Am. Compl. ¶ 14, Ex. 1.)

Plaintiff sold the Ossining property on or about July 31, 2012 by way of a "short sale" (Am. Compl. ¶ 15, Ex. 2), which means that he sold the property for an amount less than the full amount owed on his mortgage loan.  Pursuant to the approved short sale terms set forth in a "demand statement," dated May 21, 2012 (the "Short Sale Agreement"), upon receipt of $285,210.00 (an amount less than the full amount owed) and final approval, Wells Fargo, on behalf of the Trust, agreed to arrange for the mortgage of record to be discharged.  (Muir Decl. Ex. B at pp. 1-2, ¶ 1.)[2]  The Short Sale Agreement, however, reserved the right to seek a

---

[2] A copy of the Short Sale Agreement is annexed as **Exhibit B** to the Muir Decl.  The Court may consider the Short Sale Agreement when deciding Defendants' 12(b)(1) motion because jurisdictional facts are in dispute.  *See Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) ("To the extent that [the defendant's] Rule 12(b)(1) motion placed jurisdictional facts in dispute . . . the district court properly considered evidence outside the pleadings.") (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003); *see also Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010)).

The Court may also consider the Short Sale Agreement when deciding Defendants' 12(b)(6) motion because Plaintiff had actual notice of this document and relied on it when drafting the

deficiency and explicitly stated that "the obligations evidenced by the note shall remain in full force and effect until paid in full."  (Muir Decl. Ex. B at p. 1.)

Wells Fargo, as servicer for the Trust and attorney-in-fact for U.S. Bank as Trustee, executed a satisfaction of mortgage on August 20, 2012.  (Am. Compl. Ex. 1.)  The Westchester County Clerk recorded the satisfaction on December 14, 2012.  (Am. Compl. ¶ 16, Ex. 1.)

## II.   PROCEDURAL HISTORY

Plaintiff commenced this putative class action on January 31, 2014.  In accordance with this Court's rules, on February 25, 2014, Defendants timely appeared by requesting a pre-motion conference in anticipation of this pre-answer motion to dismiss.  Pursuant to Defendants' request, on March 18, 2014, the Honorable Cathy Seibel held a pre-motion conference and granted Defendants permission to make this motion to dismiss.  On April 1, 2014, Plaintiff filed his Amended Complaint, in which he amended the caption to specify that U.S. Bank is named as a defendant in its capacity as trustee for the Trust, among other amendments.

## <u>ARGUMENT</u>

## I.   THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION

Article III of the Constitution limits the jurisdiction of federal courts to the resolution of "cases" and "controversies."  *See* U.S. Const. art. III, § 2.  "In order to ensure that this 'bedrock' case-or-controversy requirement is met, courts require that plaintiffs establish their 'standing' as

---

Amended Complaint.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[O]n a motion to dismiss, a court may consider . . . 'documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in brining suit.'") (quoting *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).  Plaintiff's signature on the last page of the Short Sale Agreement evidences his actual notice.  Defendant's counsel also provided Plaintiff's counsel a copy of the Short Sale Agreement at the pre-motion conference held on March 18, 2014.  Plaintiff's "as agreed" language in the Amended Complaint evidences his reliance on the Short Sale Agreement when drafting the Amended Complaint.

'the proper part[ies] to bring' suit." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) (alteration in original) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).  To establish standing, "a plaintiff is constitutionally required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

In this case, Plaintiff did not suffer any injury and thus, cannot meet this burden.  For this reason, Defendants' motion should be granted in its entirety, and the Amended Complaint should be dismissed.  It is well-settled that if the only named plaintiff in a putative class action lacks standing, the entire class action fails.  *See, e.g.*, *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care*, 433 F.3d 181, 198 (2d Cir. 2005) ("The Supreme Court has held that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendant[ ], none may seek relief on behalf of himself or any other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)); *Dickerson v. Feldman*, 426 F. Supp. 2d 130, 135 (S.D.N.Y. 2006) ("[I]f the named plaintiffs are without standing, the entire class action fails.").

Relief under both RPAPL § 1921 and RPL § 275 is predicated upon *actual* payment in full of all amounts due under the subject loan.  *See* RPAPL § 1921(1) ("After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . ."); RPL § 275(1) ("Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid . . . ."); *see also* Practice Commentaries, McKinney's RPAPL § 1921 ("In an effort to overcome an apparent

problem resulting from the failure of lenders to execute and record a certificate of discharge of mortgage in a timely manner *following the payment in full of a mortgage debt*, subdivision 1 of RPAPL § 1921 was amended by the Laws of 2005, ch. 467, to impose a progressively higher monetary liability upon mortgagees . . . .") (emphasis added); Practice Commentaries, McKinney's RPL § 275 (same, with respect to subdivision 1 of RPL § 275).  "Absent payment in full, a mortgagee has no obligation to release a mortgage lien against real property [under RPAPL § 1921(1)]."  *Marine Midland Bank v. Rome Polymer, Inc.*, 244 A.D.2d 967, 968, 665 N.Y.S.2d 160, 162 (4th Dep't 1997) (citations omitted); *accord Mikal Realty Co. v. Carreras*, 268 A.D.2d 435, 435, 702 N.Y.S.2d 311, 311-12 (2d Dep't 2000) (affirming lower court's denial of RPAPL § 1921(1) petition because amount tendered by petitioner interest and late fees to which respondents were entitled); *Household Fin. Realty Corp. v. Delmerico*, 202 A.D.2d 636, 637, 609 N.Y.S.2d 310, 310 (2d Dep't 1994) ("Under the facts of this case, the attempt to payoff the credit-line mortgage by delivery of a check to the [mortgagee] by the [mortgagor] was not for the full amount owed, and did not constitute 'payment' in full of the credit-line mortgage entitling the [mortgagor] to a satisfaction piece within the meaning of RPAPL 1921(1).") (citation omitted).

Nowhere in the Amended Complaint does Plaintiff allege that he actually paid all principal, interest, and other amounts owed on his loan in full.  Rather, he simply alleges that he used the sale proceeds to discharge and satisfy the mortgage, "as agreed [in the Short Sale Agreement]."  (Am. Compl. ¶ 15.)   A review of the referenced Short Sale Agreement unequivocally shows that payment in full was not actually made.  In fact, Wells Fargo, on behalf of the Trust, expressly reserved "the right to seek a deficiency under the loan documents or any

of its other rights thereunder, and the obligations evidenced by the note shall remain in full force and effect until paid in full." (Muir Decl. Ex. B at p. 1.)

The statutory language is clear that a mortgagee's obligations under RPAPL § 1921 and RPL § 275 do not accrue until *actual* payment of *all* amounts due. *See* RPAPL § 1921(1) ("After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . ."); RPL § 275(1) ("Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid . . . ."). Here, Plaintiff sold his property by way of a short sale, which, by definition, means that he paid less than the full amount due on the loan. *See Dahlgren v. JP Morgan Chase & Co.*, No. 12cv2367-GPC(BGS), 2013 WL 3190727, at *4 (S.D. Ca. June 20, 2013) ("[P]laintiffs, who were borrowers, sold their home for an amount insufficient to pay off their mortgage in a 'short sale' . . . .") (citation omitted). Thus, Plaintiff was not entitled to a discharge of mortgage under RPAPL § 1921 or RPL § 275 and likewise, is not entitled to damages under those statutes either.

Even though Wells Fargo, as servicer for the Trust, agreed to release the mortgage upon payment of an amount less than the full amount due, that does not bring this transaction within the ambit of RPAPL § 1921 or RPL § 275. Payment in full is a prerequisite to relief under those statutes. For example, in *Zoccolillo v. Weinberg*, the court held that a mortgagor who paid off all loan principal but none of the interest was not entitled to an order discharging the mortgage until he paid the interest as well, even if the mortgagee agreed to waive the interest. 151 Misc. 653, 654, 273 N.Y.S. 592, 594 (Sup. Ct. Onondaga Cnty. 1934). Regardless of any separate agreement, a mortgagor is only entitled to a discharge of mortgage under RPAPL § 1921 or RPL § 275 upon payment of the underlying debt in full. So, too, here. Because Plaintiff did not

actually pay all amounts due under the loan, he lacks standing to seek relief under RPAPL § 1921 or RPL § 275, including statutory damages.

Plaintiff also lacks standing because a satisfaction of mortgage has already been recorded. A showing of willful or unjustified refusal on the part of the mortgagee to satisfy the mortgage is a prerequisite for relief under RPAPL § 1921. *See Jeffrey Towers, Inc. v. Strauss*, 31 A.D.2d 319, 324, 297 N.Y.S.2d 450, 455 (2d Dep't 1969) ("Petitions submitted pursuant to section 1921 require a showing of willful and unjustified refusal on the part of the mortgagee to satisfy the mortgage.") (citation omitted); *KOSC Dev., Inc. v. Weinstock*, No. 38911/06, 14 Misc. 3d 1232(A), 2007 WL 509803, at *2 (Sup. Ct. Kings Cnty. Feb. 20, 2007) (holding that as "prerequisite to" bringing an action under RPAPL § 1921, "there must have been a failure or refusal of the mortgagee to execute a proper satisfaction of mortgage") (citation omitted); *Hempstead Realty, LLC v. Sturrup*, No. 205/2010, 2011 WL 2972308 (Sup. Ct. Nassau Cnty. Jul. 19, 2011) ("before . . . relief is available" under RPAPL § 1921, "it must appear that the mortgagee willfully and unjustifiably refused to satisfy the mortgage") (citation and quotation omitted). Plaintiff does not, because he cannot, allege that either Defendant willfully refused to satisfy his mortgage. He admits that a satisfaction of mortgage was, in fact, recorded by the Westchester County Clerk. (Am. Compl. Ex. 1.) Nor does Plaintiff claim that he suffered any economic damage resulting from Defendants' alleged violations of RPAPL § 1921 and RPL § 275. To the contrary, Plaintiff already received the benefit of a short sale. Not only did he pay less than the full amount due on the loan, but he was not forced to pay a second recording fee for the satisfaction.[3] To allow Plaintiff here to recover statutory damages would grant a windfall to

---

[3] The legislative history of RPAPL § 1921 and RPL § 275, including the 2005 amendments, make it clear that the intent of these statutes was to compensate mortgagors who have paid the recording fee for the satisfaction as part of the total pay-off amount and are forced to pay the

a mortgagor the statutory scheme was never intended to protect.  The Court should dismiss the Amended Complaint in its entirety for lack of subject matter jurisdiction.

## II.  PLAINTIFF'S CLAIMS ARE PREEMPTED BY FEDERAL LAW[4]

### A.  Preemption Analysis Under the NBA

The Amended Complaint should also be dismissed because Plaintiff's claims are preempted by the NBA and regulations of the OCC.  As national banks, Defendants cannot be subjected to state laws that "stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."  *U.S. v. Locke*, 529 U.S. 89, 109 (2000) (defining conflict preemption) (citation omitted).  The Supreme Court has recognized that "state law may not significantly burden a national bank's own exercise of its real estate lending power . . . ." *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 13 (2007).

Applying RPAPL § 1921 and RPL § 275 to Defendants would frustrate the purposes of the NBA and OCC regulations.  Congress enacted the NBA in 1864 "to create a new system of nationally chartered banks that would operate independently of state regulation."  OCC Adv. Ltr. AL 2002-9, 2002 WL 31854825, at *1 (Nov. 25, 2002) (citing *Bank of Am. v. City and Cnty. of San Francisco*, 309 F.3d 551, 561 (9th Cir. 2002) (citing Cong. Globe, 38th Cong., 1st Sess., 1451 (1864))).  The NBA authorizes national banks to exercise several enumerated powers as well as "all such incidental powers as shall be necessary to carry on the business of banking. . . ."

---

recording fee again as a result of the mortgagee's failure to timely present the satisfaction for recording after the subject loan has been paid off in full.  *See* Budget Report on Bills, Senate Bill 48B, Bill Jacket, L. 2005, ch. 467, at 7; DeFrancisco Mem., Senate Bill 48B, Bill Jacket, L. 2005, ch. 467, at 3.  A copy of the Governor's Bill Jacket, Senate Bill 48B, L. 2005, ch. 467 is annexed as **Exhibit C** to the Muir Decl.

[4] The arguments set forth in Section II are substantially similar, but not identical, to arguments made in the opening and reply briefs of defendant Wells Fargo Bank, N.A. in the related action before this Court: *Marily Villanueva v. Wells Fargo Bank, N.A.*, Case No. 13-cv-5429.

12 U.S.C. § 24.   Through the NBA, Congress authorized the OCC to prescribe rules and regulations to carry out its responsibilities.   *See* 12 U.S.C. § 93a; *NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.*, 513 U.S. 251, 256 (1995).   Specifically, the NBA "authorizes national banks to engage in mortgage lending, subject to OCC regulation."   *Watters*, 550 U.S. at 12 (citing 12 U.S.C. § 371(a)).

The Supreme Court has "'interpret[ed] grants of both enumerated and incidental 'powers' to national banks as grants of authority not normally limited by, but rather ordinarily pre-empting, contrary state law.'"   *Id.* (quoting *Barnett Bank of Marion Cnty., N.A. v. Nelson*, 517 U.S. 25, 32 (1996)).   According to the Supreme Court:

> States are permitted to regulate the activities of national banks where doing so does not prevent or significantly interfere with the national bank's or the national bank regulator's exercise of its powers.   But when state prescriptions significantly impair the exercise of authority, enumerated or incidental under the NBA, the State's regulations must give way.

*Id.* (citing *Barnett Bank*, 517 U.S. at 32-34)); *accord* OCC Adv. Ltr. AL 2002-9, 2002 WL 31854825, at *1 ("State law could be applicable to national banks, however, in limited circumstances when it does not conflict or interfere with the national bank's exercise of its powers.").

Per the OCC, such incidental powers include the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages," 12 C.F.R. § 34.4(a)(10),[5] as well as the establishment of non-interest charges and fees, taking into account the cost incurred by the bank in providing the service, the deterrence of misuse by customers of banking services,

---

[5] The OCC propounded 12 C.F.R. § 34.4(a) to identify certain types of state law that are preempted by the NBA.   *See* OCC Inter. Ltr. 1005, 2004 WL 3465750, at *1 (June 10, 2004) ("These are state laws for which substantial precedent existed, prior to our adoption of the preemption rules, recognizing the interference they pose to the ability of Federally chartered institutions to operate under uniform Federal standards.")

and the maintenance of the safety and soundness of the institution, among other factors, 12 C.F.R. § 7.4002.  These regulations "were enacted, in part, due to that fact that 'the trend at the [s]tate and local levels toward enacting legislation that seeks to impose costly and inconsistent compliance burdens on national banks has accelerated.'"  *Abel v. Keybank USA, N.A.*, 313 F. Supp. 2d 720, 727 (N.D. Ohio 2004) (citation omitted).

B. **RPAPL § 1921 and RPL § 275 Significantly Impair Defendants' Exercise of their Mortgage Lending Powers**

The NBA and the regulations of the OCC preempt the application of RPAPL § 1921 and RPL § 275 against Defendants because those statutes specifically target mortgage lenders, including national banks, and significantly impair their exercise of their mortgage lending powers.  The Second Circuit regularly finds similar "state statutes that [seek] to regulate specifically the way in which national banks conduct their banking business within those states" are preempted by the NBA.  *Clearing House Ass'n LLC v. Cuomo*, 510 F.3d 105, 114 (2d Cir. 2007); *accord Pac. Capital Bank, N.A. v. Conn.*, 542 F.3d 341, 352-54 (2d Cir. 2008); *SPGGC, LLC v. Blumenthal*, 505 F.3d 183, 188-92 (2d Cir. 2007); *Wachovia Bank, N.A. v. Burke*, 414 F.3d 305, 308 (2d Cir. 2005).

Indeed, the legislative history of RPAPL § 1921 and RPL § 275 indicates that the New York State Assembly understood that the statutory procedure and accompanying penalties may be preempted by federal law.[6]  In the Budget Report on Bills, the Assembly highlighted the fact that the statutes "may also be unenforceable against federally chartered lenders who have

---

[6] The legislative history of the New York statutes is appropriately considered in this context.  As the New York Court of Appeals has noted, "it is appropriate to examine the legislative history" of a statute "even" where "the language [of the statute] is clear."  *Riley v. Cnty. of Broome*, 95 N.Y.2d 455, 463, 719 N.Y.S.2d 623, 627 (2000) (citation omitted); *accord Majwesi v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 584, 673 N.Y.S.2d 966, 969-70 (1998) (reviewing legislative history to "steer" analysis of statute).

historically prevailed in court against such State imposed fees." Budget Report on Bills, Senate Bill 48B, Bill Jacket, L. 2005, ch. 467, at 7.

In fact, two actions brought in the Eastern District of New York that sought relief under RPAPL § 1921 were dismissed under preemption principles: *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132 (E.D.N.Y. 2009) and *Cassese v. Wash. Mut., Inc.*, 255 F.R.D. 89 (E.D.N.Y. 2008). The Courts in *McAnaney* and *Cassese* both found that the Home Owners' Loan Act preempted the application of RPAPL § 1921 to federal savings banks. The analysis employed in those cases is analogous to the conflict preemption here. Notably, in *McAnaney*, the Court found that RPAPL § 1921 was preempted because it "directly impacts [] lending activities, particularly with respect to the *processing and servicing of mortgages*." 65 F. Supp. 2d at 163-64 (emphasis added). In *Cassese*, the Court found that RPAPL § 1921 was preempted because the statute "impose[s] obligations upon mortgagees upon satisfaction and cancellation of mortgages and provide[s] for penalties in the event of noncompliance" which "purport to regulate or otherwise affect" lending activities. 255 F.R.D. at 94.

Likewise, in this case, RPAPL § 1921 and RPL § 275 are preempted by the NBA because they significantly burden the "[p]rocessing, origination, servicing, sale [and] purchase of, [and] investment and participation in, mortgages." 12 C.F.R. § 34.4(a)(10). Specifically, RPAPL § 1921 and RPL § 275 impose excessive monetary penalties upon mortgage lenders, servicers, and their agents for their failure to perform a certain mortgage obligation by an arbitrary deadline. In *Abel v. Keybank USA, N.A.*, the court found that a state law that required reading into "each promissory note (arising from a consumer transaction) a requirement that any holder, including a national bank, assume the liability of the seller under certain circumstances" was preempted by the NBA. 313 F. Supp. 2d at 727. The court reasoned that "this type of state imposed liability

significantly interferes with a national bank's ability to negotiate promissory notes and lend money." *Id.* Similarly, here, such strict liability significantly interferes with national banks' ability to carry out their mortgage obligations, to service mortgage loans, and to engage others to service mortgage loans, as well as their ability to sell, purchase, and invest in mortgage loans.

The disproportionate statutory penalties that RPAPL § 1921 and RPL § 275 impose for failing to present a satisfaction for recording by an arbitrary deadline not only significantly burden national banks' participation and investment in and servicing of mortgage loans, they completely undermine national banks' express authority to establish charges and fees. In *Monroe Retail, Inc. v. RBS Citizens, N.A.*, the Sixth Circuit found that "[a state law] requirement that banks freeze accounts *immediately* upon receipt of a garnishment order," thus, preventing banks from exacting a fee for processing the garnishment order, was preempted by the NBA. 589 F.3d 274, 283-84 (6th Cir. 2009) (emphasis added). The Sixth Circuit concluded that the requirement was "unduly burdensome on national banks because it mandate[d] the order in which those banks carry out their daily account-balancing and account-management functions" and "significantly interfere[d] . . . with the Banks' ability to collect and set their service fees." *Id.* at 284 (internal quotations omitted). Likewise, here, the requirement that mortgage lenders and servicers present a satisfaction of mortgage for recording within thirty days from the date that the loan is paid off or else face statutory penalties is unduly burdensome on national banks because it imposes an arbitrary timetable on how they carry out their mortgage obligations and significantly impairs their express power to collect and set their fees.

Even though neither Defendant "made" the loan at issue, RPAPL § 1921 and RPL § 275 are nonetheless preempted by the NBA. In *Pacific Capital Bank, N.A. v. Connecticut*, the Second Circuit found that a state statute that subjected non-bank entities to monetary penalties

for acting as agents for national banks with respect to an enumerated power was preempted by the NBA.  542 F.3d at 352-54.  Even though the penalties were imposed upon a third party, the Second Circuit concluded that that statute "would significantly, albeit indirectly, curtail authorized national bank activities and would thereby conflict with federal law."  *Id.* at 354.  In fact, recognizing the potential impact on mortgage lenders, both statutes explicitly exempt mortgagees that make less than five mortgage loans per year from liability.  *See* RPAPL § 1921(1) ("[T]he term 'mortgagee' shall not include a person, partnership, association, corporation or other entity which makes less than five mortgage loans in any calendar year."); RPL § 275(1) (same).  State Senator John A. DeFrancisco, the sponsor of the 2005 Senate legislation, explained that "[b]ecause they do not have the institutional resources of major lenders, those who issue less than five mortgages in a year are not subject to the liability established by the bill."  DeFrancisco Mem., Senate Bill 48B, Bill Jacket, L. 2005, ch. 467, at 3.

For these additional reasons, the Amended Complaint should be dismissed.

## III.    THE AMENDED COMPLAINT FAILS TO PLEAD A VALID CLAIM FOR RELIEF UNDER RPAPL § 1921 OR RPL § 275[7]

### A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "demands more than [alleging that] the-defendant-unlawfully-harmed-me . . . ."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).  The claims must include enough factual allegations "to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 545 (citation omitted).  Although a court must

---

[7] The arguments set forth in Section III are substantially similar, but not identical, to arguments made in the opening and reply briefs in *Villanueva*.

accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff, *id.* at 570, the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

The Supreme Court has set forth a two-step inquiry to determine whether claims survive scrutiny in the context of a Rule 12(b)(6) motion. *See id.* at 680-81. First, the court must reject bald allegations that are conclusory and, as a result, are "not entitled to be assumed true." *Id.* at 681. Second, the court must examine the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain: "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *See Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Amended Complaint here does not meet this threshold pleading burden and thus, cannot survive Rule 12(b)(6) scrutiny.

**B.    Plaintiff Fails to Sufficiently Plead a Violation of RPAPL § 1921 or RPL § 275**

Both RPAPL § 1921 or RPL § 275 require a mortgagee to *present* a satisfaction of mortgage for recording within thirty days after the mortgage loan is paid off in full. *See* RPAPL § 1921(1) (satisfaction of mortgage to be "presented for recording to the recording officer of the county where the mortgage is recorded . . ."); RPL § 275(1) (certificate of discharge to be "presented for recording to the recording officer of the county where the mortgage is recorded").

Plaintiff conclusorily alleges that "Defendants systematically fail to timely present certificates of discharge" (Am. Compl. ¶¶ 23, 27), and that they violated RPAPL § 1921 and RPL § 275 (Am. Compl. ¶¶ 24, 28). The only "facts" that Plaintiff provides to support these bald assertions is that the Westchester County Clerk did not record the satisfaction until 136 days

after the mortgage was allegedly satisfied.  (Am. Compl. ¶ 18.)  The date that the satisfaction of

mortgage was actually recorded, however, is not relevant for purposes of establishing a violation

of RPAPL § 1921 or RPL § 275.  RPAPL § 1921 states, in relevant part:

> After payment of authorized principal, interest and any other amounts due
> thereunder or otherwise owed by law has actually been made, . . . a mortgagee of
> real property situate in this state, unless otherwise requested in writing by the
> mortgagor or the assignee of such mortgage, must execute and acknowledge
> before a proper officer, in like manner as to entitle a conveyance to be recorded, a
> satisfaction of mortgage, and thereupon within thirty days arrange to have the
> satisfaction of mortgage: (a) *presented* for recording to the recording officer of the
> county where the mortgage is recorded, or (b) if so requested by the mortgagor or
> the mortgagor's designee, to the mortgagor or the mortgagor's designee.

RPAPL § 1921(1) (emphasis added).  Similarly, RPL § 275 requires a certificate of discharge to

be "*presented* for recording to the recording officer of the county where the mortgage is

recorded."   RPL § 275(1) (emphasis added).   Plaintiff's failure to adequately allege that

Defendants did not timely "present" the satisfaction of recording – instead, focusing the

allegations in the Amended Complaint on the date that the satisfaction was actually recorded – is

fatal to his claims under both statutes.  *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice") (citation

omitted).

        In an attempt to reconcile his only supporting "facts" with the statutory "presentment"

language, Plaintiff alleges that "[t]he Westchester County Clerk's office records satisfactions of

mortgages expeditiously upon presentment."  (Am. Compl. ¶ 17.)  This allegation is completely

unsupported and should be rejected.  In fact, the legislative history for RPAPL § 1921 and RPL §

275 acknowledges that "an outstanding lien may result from failure of the appropriate county

official to remove the lien upon receiving certificates of discharge."   Dep't of Taxation and

Finance Mem., Senate Bill 48B, Bill Jacket, L. 2005, ch. 467, at 12.  Likely recognizing the

inherent unfairness of holding a mortgagee liable for the county clerk's delay, the legislature adopted language enabling a mortgagee to satisfy its obligations upon *presentment* for recording. In light of the foregoing, Plaintiff's assertion that "[t]he Westchester County Clerk's office records satisfactions of mortgages expeditiously upon presentment" (Am. Compl. ¶ 18) is not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 681.

Plaintiff offers no other facts to even suggest that a satisfaction of mortgage was not timely *presented* for recording. Accordingly, he fails to plead a valid claim for relief, and the Amended Complaint should be dismissed.

### C.    Plaintiff's RPL § 275 Claim Further Fails as Against Wells Fargo

Plaintiff's RPL § 275 claim further fails as against Wells Fargo, specifically. Contrary to Plaintiff's assertion, Wells Fargo was not a mortgagee, based on its ordinary meaning, with respect to Plaintiff's mortgage at the time it was allegedly satisfied. Publicly recorded documents (including Exhibit 1 to the Amended Complaint) show that U.S. Bank as Trustee was the mortgagee of record at the time the mortgage was satisfied, not Wells Fargo. (Am. Compl. Ex. 1.)

Unlike RPAPL § 1921, which broadly defines "mortgagee" to include the holder of the mortgage and its loan servicer and its agents, RPL § 275 does not define "mortgagee." *Compare* RPAPL § 1921 *with* RPL § 275. "When a statute does not define a term, the Court typically 'give[s] the phrase its ordinary meaning.'" *F.C.C. v. AT&T Inc.*, 131 S.Ct. 1177, 1182 (2011) (citation omitted). Without being defined otherwise, the term "mortgagee" can only mean the holder of the mortgage, which Wells Fargo was not.

As such, because Wells Fargo was not a mortgagee for RPL § 275 purposes at the time Plaintiff allegedly satisfied his mortgage loan, Plaintiff's RPL § 275 claim fails as a matter of law and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the Amended Complaint, dismiss Plaintiff's claims with prejudice, and grant such other and further relief as this Court may deem just and proper.

New York, New York
May 1, 2014

Respectfully Submitted,

By:   /s/_____
Allison J. Schoenthal
Robin L. Muir
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Tel:  (212) 918-3000
Fax:  (212) 918-3100
allison.schoenthal@hoganlovells.com
robin.muir@hoganlovells.com

*Counsel for Defendants Wells Fargo Bank, N.A. and U.S. Bank National Association, as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2005-8*